IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH LOPER DEWRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0140-WS-B |
| | ) |
| JIMMY CARVER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action was recently removed to federal court on the basis of diversity of citizenship. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Upon initial review, it appears that the notice of removal fails adequately to establish complete diversity or the requisite amount in controversy.[1]

The notice of removal alleges the "residen[ce]" of the individual parties. (Doc. 1 at 2). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). An allegation of residence but not citizenship exposes a complaint to dismissal for want of subject matter jurisdiction. *Beavers v. A.O. Smith Electrical Products Co.*, 265 Fed. Appx. 772, 778 (11th Cir. 2008).

---

[1] "[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

Because the notice of removal asserts only the parties' residence as of the time of removal,[2] and not their citizenship, it does not reflect complete diversity of citizenship.[3]

The amended complaint, (Doc. 1 at 9-15), alleges that the plaintiff was injured in a motor vehicle accident. She was "knocked, shocked[,] bruised and contused," was "made sick and sore in various parts of her body," was "internally and permanently injured," and "suffered severe injury to her neck, back, right knee and leg," The plaintiff claims past and future medical expenses, physical pain and mental anguish, as well as a loss of the capacity to enjoy life fully. The plaintiff seeks compensatory and punitive damages of an unstated amount.

Because the plaintiff did not demand a specific sum, the defendants must prove by a preponderance of the evidence that that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). A removing defendant may assert that the amount in controversy is facially apparent from the complaint itself, or it may offer evidence beyond the pleading to meet its burden. *Id*.

The defendants do not suggest that the face of the complaint reflects an amount in controversy exceeding $75,000. Plainly it does not. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1318, 1320 (11th Cir. 2001) (allegations the plaintiff tripped over a curb and suffered permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, experienced a diminished earning capacity, and would continue to suffer these damages in the future, along

---

[2] "[D]iversity jurisdiction is determined … at the time of removal." *Thermoset Corp. v. Building Materials Corp. of America*, 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotes omitted).

[3] "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (defining "domicile").

with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000). The Court therefore looks to the evidence submitted by the defendants. The only such evidence is a settlement demand received in September 2019, five months before suit was filed. (Doc. 1 at 49-50). The demand is for $150,000, well over the jurisdictional threshold.

"While [a] settlement offer, by itself, may not be determinative, it counts for something" in assessing the amount in controversy. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). "What it counts for, however, depends on the circumstances." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). "Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." *Id*. "On the other hand, settlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." *Id*. (internal quotes omitted). The Court authored *Jackson* and hews to its approach.

The defendants argue the settlement demand falls on the weightier end of the scale, because it catalogs the plaintiff's medical treatment, identifies the cost of that treatment, and indicates there may be future medical expenses. (Doc. 1 at 4). It is true that the settlement demand provides specific information, but it does not provide specific information suggesting that over $75,000 is in controversy. On the contrary, the demand specifies that the plaintiff's medical expenses are barely $14,500. Listing the medical treatment episodes resulting in that figure does not make the figure any higher.

The defendants have offered no principled way to bridge the $60,000+ gap between the plaintiff's medical expenses and the jurisdictional minimum. They point to the possibility of future medical expenses, but the letter does not quantify the probability, the frequency, or the magnitude of such expense. As of September

3

2019, the plaintiff was still being treated by an orthopedic specialist, but there is no information regarding the treatment. The letter states that another physician is "still administering epidurals" to the plaintiff, but it later states that he has, over the course of 1½ years post-accident, administered only two epidurals and that he merely "may" administer more in the future. Finally, the letter predicts an MRI, but it also promises to present evidence of same when received, yet the defendants have offered no such evidence some 9 months after a physician supposedly requested the MRI. The Court cannot on this scant showing assume that the plaintiff's ultimate medical expenses will be substantially more than the roughly $14,500 incurred as of September 2019.

As to soft damages, the settlement demand is almost completely silent. Two epidurals (one back, one shoulder) may indicate some pain and suffering, but is unclear how the Court could non-arbitrarily assign substantial monetary value to this element. The only other damage identified in the letter is vertigo, and no description of its severity or consequences is provided.

The instant settlement demand is thus far less significant than that in *Taylor v. Piggly Wiggly*, 2012 WL 3555576 (S.D. Ala. 2012), where the letter identified approximately $70,000 in medical expenses and described the life limitations caused by the accident. *Id*. at *2. As in *Montgomery v. Food Giant Supermarkets, Inc*., 2014 WL 5307890 (S.D. Ala. 2014), the instant settlement demand "offers precious little in the form of specific information explaining how that [settlement] figure was derived or how it might represent an honest assessment of [the plaintiff's] damages." *Id*. at *3.

The defendants construe the demand letter as limited to compensatory damages, such that punitive damages must be on top of the $150,000 demand. (Doc. 1 at 4). The Court cannot draw that conclusion. The proposal is to settle the dispute, not to settle portions of the dispute, so the $150,000 demand necessarily encompasses punitive damages. The primary significance of the demand letter with respect to punitive damages is its failure to provide any assertions of fact that

could make an actual award of punitive damages plausible, much less suggest a substantial award.

    For the reasons set forth above, the defendants are **ordered** to file and serve, on or before **April 3, 2020**, a supplement to their removal papers that adequately demonstrates the existence of diversity jurisdiction, failing which this case will be remanded to state court without further notice.

DONE and ORDERED this 26th day of March, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE